**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LOCAL INTEREST, LLC,<br>Plaintiff,<br>v.<br>CHOICE HOTELS INTERNATIONAL, INC.,<br>Defendant. | Civil Action No. 2:26-cv-00920<br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Local Interest, LLC ("Local Interest" or "Plaintiff") files this Complaint against Choice Hotels International, Inc. ("Choice Hotels" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action for Defendant's infringement of the following United States Patents (the "Asserted Patents"), issued by the United States Patent and Trademark Office ("USPTO"):

| U.S. Patent No. | Title | Available At |
|---|---|---|
| 1) 7,532,899 | System for Providing Location-Based Services in a Wireless Network, Such as Locating Sets of Desired Locations | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7532899 |
| 2) 8,774,834 | System for Providing Location-Based Services in a Wireless Network, Such as Locating Sets of Desired Locations | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8774834 |

2. Local Interest seeks monetary damages.

## PARTIES

3. Local Interest is a limited liability company formed under the laws of Texas with a

registered office address located at 512 W. Martin Luther King Jr. Blvd., Unit 281, Austin, TX, 78701 (Travis County).

4. Defendant Choice Hotels is a corporation organized under the laws of the State of Delaware, with its principal executive offices and headquarters located at 915 Meeting St, Suite 600, North Bethesda, MD 20852.

5. Upon information and belief, Choice Hotels maintains several regular and established places of business in this judicial district, including, but not limited to, those located at Comfort Suites Plano - Dallas North, 2301 E President George Bush Hwy, Plano, TX 75074; Comfort Suites Plano East - Richardson, 640 E Park Blvd, Plano, TX 75074; and Comfort Suites Tyler South, 303 E Rieck Rd, Tyler, TX 75703. *See* CHOICEHOTELS.COM, https://www.choicehotels.com/.

6. Choice Hotels may be served through its registered agents United States Corporation Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701, and its Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

7. This arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because Defendant maintains established and regular places of business in this District and has committed acts of patent infringement in this District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

10. On information and belief, Defendant Choice Hotels is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due

at least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein, including its registration to do business in Texas, which purposefully avail the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, affiliates, and/or consumers; and (C) maintaining hotel locations in this Judicial District.

11. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offer its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

12. For example, Defendant Choice Hotels operates in Texas through hotel properties. Choice Hotels maintains a significant business presence in Texas by operating at least one hundred and thirty (130) hotel locations where guests may obtain lodging and related services. *See* CHOICEHOTELS.COM, https://www.choicehotels.com/united-states/texas/regional-hotels.

13. Upon information and belief and based upon public information, Defendant owns, operates, manages, conducts business, and directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following addresses: Comfort Suites Plano - Dallas North, 2301 E

President George Bush Hwy, Plano, TX 75074; Comfort Suites Plano East - Richardson, 640 E Park Blvd, Plano, TX 75074; and Comfort Suites Tyler South, 303 E Rieck Rd, Tyler, TX 75703. *See* CHOICEHOTELS.COM, https://www.choicehotels.com/united-states/texas/regional-hotels.

14. Defendant is engaging in activities, including but not limited to transacting business in this District and purposefully directing its business activities, including the installation, maintenance, and use of infringing products and other related technologies in this District, and the sale or offer for sale of services and goods in this District to aid, abet, or contribute to the infringement of third parties in this District.

15. Defendant commits acts of infringement in this District, including, but not limited to, selling, offering for sale, and using (including through testing) the Accused Products.

16. Defendant commits acts of induced infringement in this District, including, but not limited to inducement of infringement by its parents, subsidiaries, partners, affiliates, and end-users to use the Accused Products.

17. Defendant commits acts of contributory infringement in this District, including, but not limited to contributing to infringement by its parents, subsidiaries, partners, affiliates, and end-users through its use of the Accused Products.

18. Such a corporate and commercial presence by Defendant Choice Hotels furthers the development, design, manufacture, importation, distribution, and sale of Defendant's infringing products in Texas, including in this District. Through utilization of its business segments and the direction and control of its subsidiaries and affiliates, Choice Hotels has committed acts of direct and/or indirect patent infringement within Texas, this District, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Choice Hotels would not offend traditional notions of fair play and substantial

justice.

19. On information and belief, Defendant Choice Hotels also purposefully places infringing product in Texas and this District. For example, Choice Hotels provides its mobile application products and services, e.g., the "Choice Hotels app," for download and use in Texas. *See* CHOICEHOTELS.COM, https://www.choicehotels.com/about/mobile (listing the Choice Hotels app on both AppStore and Google Play) (last visited October 9, 2026). Choice Hotels' app is available via digital distribution platforms operated by Apple Inc. and Google. *Id.*

20. Based on Defendant Choice Hotels' connections and relationship with its distributors, resellers, contractors, dealers, installers, local and U.S. based national retailers, and digital distribution platforms, Choice Hotels knows that Texas is a termination point of the established distribution channel for the sale and use of Choice Hotels' mobile app to consumers in Texas. Choice Hotels, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court, at least on this basis. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at (E.D. Tex. 2009) (finding that "[a]s a result of contracting to manufacture products for sale in" national retailers' stores, the defendant "could have expected that it could be brought into court in the states where [the national retailers] are located").

21. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant Choice Hotels has committed acts of infringement in this District. As further alleged herein, Defendant Choice Hotels, via its own operations and employees located there, has a regular and established place of business, in this District. Accordingly, Choice Hotels may be sued in this district under 28 U.S.C. § 1400(b).

22. In *Communication Interface Technologies, LLC v. Choice Hotels International, Inc.*,

Civil Action No. 4:21-cv-00780 (E.D. Tex.) (consolidated with lead case No. 4:21-cv-00778-SDJ), Choice Hotels did not contest venue, stating that it "will not challenge venue over this action pursuant to 28 U.S.C. § 1400(b)." *See* Answer ¶ 7, *Commc'n Interface Techs., LLC v. Applebee's Rests. LLC*, No. 4:21-cv-00778-SDJ (E.D. Tex. Mar. 11, 2022), Dkt. No. 13. Choice Hotels likewise admitted that it sells, offers to sell, and/or uses products and services in this judicial district. *Id.* ¶ 4.

## THE ACCUSED PRODUCTS

23. Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

24. Choice Hotels describes itself as a provider of lodging and related hospitality services. Choice Hotels operates hotel properties in markets around the world.

25. On information and belief, a significant portion of the operating revenue of Defendant is derived from its Choice Hotels mobile application offered for use on iOS and Android devices ("Accused Products"). *See, e.g.*, **Exhibits A–B**; **Figures 1–2** (below).

26. For example, the Choice Hotels app has over 1 million downloads and about 50 thousand reviews on Google Play:




**Figure 1**

27. Similarly, the Choice Hotels app is available on the Apple Store:




**Figure 2**

28. Based upon public information, Defendant owns, operates, advertises, and/or controls at least the website https://www.choicehotels.com/ through which it advertises, sells, offers to sell, promotes, provides and/or educates customers about Choice Hotels products, including the Accused Products. *See* CHOICEHOTELS.COM, https://www.choicehotels.com/ ("From booking to rewards, manage it all on the go with the Choice Hotels Mobile App.") (last visited October 9, 2026).[1]

29. Based upon public information, Defendant, directly and/or through its agents and intermediaries, operates, advertises, and/or controls Choice Hotels hotel locations throughout this District, including, at least, Comfort Suites Plano - Dallas North, 2301 E. President George Bush Hwy, Plano, TX 75074; Comfort Suites Plano East - Richardson, 640 E. Park Blvd, Plano, TX 75074; and Comfort Suites Tyler South, 303 E. Rieck Rd, Tyler, TX 75703, through which it and/or its agents or employees use, advertise, provide, and/or educate third-parties, including but not limited to guests, about the Accused Products.

**COUNT I: <u>INFRINGEMENT OF U.S. PATENT NO. 7,532,899</u>**

30. Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

31. The USPTO duly issued U.S. Patent No. 7,532,899 (hereinafter, the "'899 patent") on May 12, 2009, after full and fair examination of Application No. 10/984,618, which was filed on November 8, 2004.

---

[1] *See also*: https://www.choicehotels.com/about/mobile?gclid=a8cde3d9103217b907f589101c2a7f50 ("Download the Choice Hotels® mobile app for an easier way to book hotels, manage reservations and access your Choice Privileges® rewards while you're on the go. The app is available for iOS and Android." last visited: October 10, 2026)

32. Local Interest owns all substantial rights, interest, and title in and to the ’899 patent, including the sole and exclusive right to prosecute this action and enforce the ’899 patent against infringers and to collect damages for all relevant times.

33. Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’899 patent.

34. The claims of the ’899 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of location-based services in a wireless network.

35. The written description of the ’899 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

36. Defendant directly infringes and has directly infringed the claims of the ’899 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

37. Defendant directly infringes and has directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claim 4 of the ’899 patent, as detailed in **Exhibit C** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,532,899).

38. As just one example, as detailed in Exhibit C, Defendant, using the Accused Products and associated hardware and software and functionalities, performs a method for providing

wireless telecommunication services to mobile devices, the method comprising: receiving a command from a user's mobile device to locate points of interest near to a location of the user's mobile device, wherein each of the points of interest are associated with one of two or more different and user-identified point of interest categories; automatically determining the location of the user's mobile device; based at least in part on the determined location, automatically providing to the user's mobile device a list of points of interest, wherein the list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories, and wherein the list of points of interest represent points of interest that are geographically closest to the location of the user's mobile device; receiving input from the user's mobile device; and providing a next-closer list of points of interest, wherein the next-closer list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories that are geographically next closest to the location of the user's mobile device than points of interest in the list of points of interest.

39. Local Interest has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 8,774,834</u>**

40. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

41. The USPTO duly issued U.S. Patent No. 8,774,834 (hereinafter, the "'834 patent") on July 8, 2014, after full and fair examination of Application No. 13/690,704, which was filed on November 30, 2012.

42. Local Interest owns all substantial rights, interest, and title in and to the ’834 patent, including the sole and exclusive right to prosecute this action and enforce the ’834 patent against infringers and to collect damages for all relevant times.

43. Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the ’834 patent.

44. The claims of the ’834 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of location-based services in a wireless network.

45. The written description of the ’834 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

46. Defendant directly infringes and has directly infringed the claims of the ’834 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

47. For example, Defendant directly infringes and has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the ’834 patent, as detailed in **Exhibit D** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834).

48. As just one example of infringement, as detailed in Exhibit D, the Accused Products perform a method for providing wireless telecommunication services, the method comprising:

receiving, from a mobile device, a request to identify points of interest near a location of the mobile device, wherein the request comprises a plurality of letters; determining the location of the mobile device; determining a point of interest having a name comprising a first portion, the first portion comprising the plurality of letters; transmitting the name of the point of interest to the mobile device; receiving, from the mobile device, an indication of a selection of the name of the point of interest; determining point of interest data associated with the point of interest; and transmitting the point of interest data associated with the point of interest to the mobile device.

49. Local Interest has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

50. Local Interest hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

51. Local Interest requests that the Court find in its favor and against Defendant, and that the Court grant Local Interest the following relief:

a. Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b. Judgment that Defendant account for and pay to Local Interest all damages to and costs incurred by Local Interest because of Defendant's infringement of the Asserted Patents and other conduct complained of herein;

c. Pre-judgment and post-judgment interest on the damages caused by Defendant's

infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Local Interest its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 9, 2026

Respectfully submitted,

By: */s/ C. Matthew Rozier*

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (737) 295-0876
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

**Attorneys for *Plaintiff LOCAL INTEREST, LLC***

* Admitted to the Eastern District of Texas

**List of Exhibits**

**A.** Webpage - Choice Hotels App Available on the App Store

**B.** Webpage- Choice Hotels App Available on Google Play

**C.** Evidence of Use Regarding Infringement of U.S. Patent No. 7,532,899

**D.** Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834